IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| OTIS CHAMPION, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-00464-N |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
|     Defendant. | ) | |

## ORDER

Social Security Claimant/Plaintiff Otis Champion ("Champion") has brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner"), dated September 17, 2014, denying his applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, and supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383c.[1]  By the consent of the parties (*see* Doc. 17), the Court has designated the undersigned United States Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.   (*See* Doc. 18).

---

[1] The record reflects that Champion resides in this judicial district.  Thus, venue is proper in this Court.  *See* 42 U.S.C. §§ 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [on a claim for supplemental security income] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.") and 405(g) ("Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business…").

After Champion filed and served his Brief (Doc. 15) and Fact Sheet (Doc. 14) listing the specific errors upon which he sought reversal of the Commissioner's decision, the Commissioner filed a motion to remand Champion's case under sentence four of § 405(g) ("The [district ]court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."),[2] representing that Champion does not oppose the motion. (Doc. 16).[3]

Upon consideration, it is **ORDERED** that the Commissioner's unopposed motion to remand (Doc. 16) is **GRANTED**. The Commissioner's September 17, 2014 final decision denying Champion DIB and SSI benefits is **REVERSED**, and this cause is **REMANDED** for a rehearing. Securing remand pursuant to sentence four of § 405(g) makes Champion a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this cause. Final judgment in accordance with this Order and Federal Rule of Civil Procedure 58 shall issue by separate

---

[2] *See also* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.").

[3] Sentence six of § 405(g) provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security…" However, the Commissioner filed her answer (Doc. 12) prior to requesting remand, and her motion does not set forth "good cause," other than that Champion does not oppose remand.

document.

Pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), the Court grants Champion's attorney an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty days after receipt of a notice of award of benefits from the Social Security Administration.  *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam) ("Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim."); *Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (per curiam) (unpublished) ("In *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2.").

**DONE** and **ORDERED** this the 10th day of April 2015.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**